**Charles I. MCBRIDE, Plaintiff,**

v.

**UNITED STATES of America, et al., Defendants.**

**No. C00–2732 TEH.**

United States District Court, N.D. California.

June 14, 2001.

Harry Gordon Oliver II, Paul E. Gaspari, Tobin & Tobin, San Francisco, CA, for Plaintiff.

Robert S. Mueller III, U S Attorney's Office, Criminal Division, Jay R. Weill, U S Attorney's Office, Tax Division, Emily J. Kingston, U S Attorney's Office, San Francisco, CA, for debtor.

## ORDER

THELTON E. HENDERSON, District Judge.

This matter came before the Court on Monday, June 4, 2001 on Defendants' Motion to Dismiss, or in the alternative, Motion for Summary Judgment and Plaintiff's Motion for Summary Judgment. After carefully considering the written and oral arguments of counsel, the Court finds that Defendant's Motion to Dismiss for lack of jurisdiction must be GRANTED.

## INTRODUCTION

Plaintiff Charles I. McBride filed this action seeking a refund of taxes, penalties and interest for his 1979 and 1981 federal income taxes in the amount of $281,514.37. Plaintiff claims that the IRS illegally assessed taxes in 1984, 1988 and 1996 after the statute of limitations for each year had expired. The Government claims that Plaintiff failed to file a claim for refund for taxes paid within two years of the dates of payment in 1984 and 1988, and further failed to file a claim for refund within six months after the adjustment in 1996. Therefore, the Government claims that this Court lacks subject matter jurisdiction over this action for failure to timely file the claim for refund pursuant to 26 U.S.C. § 7422.

## FACTUAL BACKGROUND

Plaintiff timely filed his 1979 and 1981 individual tax returns. The IRS assessed tax deficiencies against Plaintiff on February 20, 1984 for 1979 and 1981. Plaintiff paid in full in March of 1984. In June of 1988, the IRS audited Plaintiff's 1979 and 1981 individual tax return and determined that Plaintiff owed additional taxes. Instead of paying the deficiency, the IRS and Plaintiff agreed to apply excess credits from his 1982 tax return to the 1979 and 1981 deficiency. (*See* Pl.'s Mot. Summ. J., Partial Agreement, Ex. E.) The tax credit (Investments Tax Credits or "ITC") originated from Plaintiff's interest as a limited partner in Barrister Equipment Associates. The IRS carried back a portion of the tax credit from 1982 to his 1979 tax liability, eliminating that liability. The payments that Plaintiff originally made to satisfy the 1979 liability plus interest were credited to another tax year. The IRS also carried back a portion of the Plaintiff's unused 1982 ITC to his 1981 tax liability, which reduced his outstanding 1981 tax liability to $33,798. On October 24, 1988, the IRS assessed the remaining unpaid tax and interest for 1981. Plaintiff satisfied this liability in full by December of 1988.

When the IRS agreed to the ITC carrybacks, Plaintiff's partnership, Barrister, was then under audit. Barrister was subject to the Tax Treatment of Partnership Items Act of 1982, ("TEFRA") 26 U.S.C. § 6221, *et seq.* By virtue of the nature of the partnership, Investment Tax Credits and losses are passed through to individual partners. The IRS completed its audit of the partnership in 1989 and disallowed the ITC carrybacks from Plaintiff's partnership to his individual 1979 and 1981 tax returns. This result was litigated in Tax Court in 1995, which affirmed the disallowance. Then in 1996, as a result of the disallowance, the IRS assessed tax deficiencies, including interest and penalties for 1979 and 1981 against Plaintiff in excess of $400,000.

Plaintiff filed an action in August of 1997 seeking to enjoin the IRS from collecting on the alleged tax deficiencies. The U.S. District Court granted the Government's motion to dismiss for lack of jurisdiction finding Plaintiff's action barred by Anti-Injunction Act. The Ninth Circuit affirmed. In July of 1998, Plaintiff filed this complaint for a refund of tax, penalties and interest paid for taxes in 1979 and 1981. Plaintiff alleges that these were wrongfully assessed after the statute of limitations expired for 1979 and 1981. The Government contends that Plaintiff did not timely file his claim for the refund to challenge the assessments made in 1984, 1988, or 1996 and so this Court does not have subject matter jurisdiction over this action.

## ARGUMENT

### A. Subject Matter Jurisdiction for 1984 and 1988 Assessments

■ The Government claims that this Court does not have subject matter jurisdiction over this action because Plaintiff failed to timely file his claims for refund. The Internal Revenue Code, 26 U.S.C. § 7422(a), provides:

No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, *until a claim for refund or credit has been duly filed* with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof. *Id.* (emphasis added.)

The IRS assessed tax deficiencies against Plaintiff in February of 1984 and October of 1988. Plaintiff paid the amounts due in March of 1984 and by December of 1988, respectively. The statute of limitations for filing a claim for refund is two years from the time the tax was paid. Section 6511 of the Code provides:

Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid.

Plaintiff filed his claim for a refund on or about July 6, 1998, twelve and eight years after the respective deadlines to file his claim. Regardless of whether the statute of limitations ran before the IRS assessed Plaintiff, Plaintiff had two years from the date of payment to file his claims for refund and he failed to do so. Accordingly, this Court is divested of subject matter jurisdiction over this action under 26 U.S.C. § 7422(a) and may not adjudicate his claim for refund of payments made in 1984 and 1988.

## B. Subject Matter Jurisdiction for 1996 Assessment

Second, the Government says that Plaintiff did not timely file his claim for the refund to challenge the assessments made in 1996. Plaintiff filed his claim for refund on July 6, 1998. The question before the Court is whether the refund is for taxes attributable to TEFRA partnership items or if the refund is for taxes attributable to "affected" items determined at the partner, not partnership, level. If, as the Government contends, the refund that Plaintiff seeks is attributable to the partnership, the provisions of § 7422(a) and § 6230(c)(2) apply, which require Plaintiff to file his claim for refund "within six months after the day on which the Secretary mails the notice of computations adjustments to the partner." 26 U.S.C. § 6230(c)(2). The IRS sent Plaintiff a notice of computational adjustment on April 2, 1996 and thus to be timely Plaintiff's claim must have been filed by October 2, 1996. 26 U.S.C. 6230(c)(2). (*See* Kingston Decl. Ex. M.)

If the items require a partner level determination as defined in § 6231(a)(5), as Plaintiff contends, the two year statute of limitations applies and Plaintiff's claim for a refund on July 6, 1998 is timely for any tax paid on or after July 6, 1996. Plaintiff alleges that a determination needs to be made at the partner level, rather than the partnership level, because the ITC was wrongfully and illegally carried back from 1982.

■ The Court agrees with the Government that the 1996 assessments made against Plaintiff as a result of the disallowance of the ITC carry back were attributable to partnership items. In *Olson v. United States*, 172 F.3d 1311 (Fed.Cir. 1999), the court determined that the disallowance of an ITC carry back was not an affected item requiring a partner level determination. This Court is not persuaded by Plaintiff's attempt to factually distinguish *Olson* on the grounds that, here, the carry back is determined at the partner level because the original assessment was improper. Plaintiff's argument that the carry back was improper is based upon the assertion that the statute of limitations has expired when the IRS originally assessed Plaintiff for his 1979 and 1981 taxes. As noted above, Plaintiff failed to timely file a claim for refund for the earlier assessments and he may not bootstrap that argument here.

Because the refund Plaintiff seeks is for taxes attributable to TEFRA partnership items, the provisions of § 7422(h) and § 6230(c)(2) apply, which require the Plaintiff to file his claim for refund within "6 months after the day on which the Secretary mails the notice of computational adjustments to the partner." 26 U.S.C. § 6230(c)(2). The IRS sent Plaintiff a notice of computational adjustment on April 2, 1996 and thus to be timely Plaintiff's claim must have been filed by October 2, 1996. 26 U.S.C. 6230(c)(2). (*See* Kingston Decl. Ex. M.) Plaintiff filed his claim on July 6, 1998, outside the statute of limitations. (Pl.'s Compl. Ex. D.)

## CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff failed to timely file his claim for refund for the 1984, 1988, and 1996 assessments and accordingly, this Court does not have jurisdiction over this case. The Court hereby GRANTS Defendant's Motion to Dismiss for lack of subject matter jurisdiction. The Clerk shall close the case.

**IT IS SO ORDERED.**